IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMIE MCCARTER,
#K04505,

        Plaintiff,

v.

DR. BROOKHART,
LUKING,
MRS. CUNNINGHAM, and
JANE DOE,

        Defendants.

Case No. 21-cv-00062-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Jamie McCarter, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. McCarter claims that Defendants provided him with inadequate medical care for his abdominal pains. He requests monetary damages.

    The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

    McCarter alleges the following: Around September 2019, he began experiencing

abdominal pains. (Doc. 1, p. 2). McCarter submitted several request forms to the healthcare unit to be seen by medical staff, but none of his requests were answered. On September 7, 2019, he was seen by Nurse Jane Doe for a yearly check-up. McCarter informed her he had been experiencing abdominal pain for some time, and Nurse Jane Doe "paid no [attention]" to his issue. (*Id.*). She told him it was probably gas and that he should buy tums from the commissary. (*Id.* at p. 3). Nurse Jane Doe would not perform any additional medical exams outside of the yearly physical without a $5 co-pay. (*Id.* at p. 3, 11). She told McCarter that she would refer him to see the doctor. (*Id.* at p. 3, 11). McCarter was not referred to see the doctor. (*Id.* at p. 3).

At some point, he was seen by Nurse Practitioner Luking. (Doc. 1, p. 3). McCarter told NP Luking that he was having abdominal pain and that there had been blood in his stool. She told him to notify the wing officer next time "it happened again." (*Id.*). McCarter continued to have abdominal pains and submitted new request forms to the healthcare unit. After weeks of not receiving treatment, McCarter wrote to Warden Brookhart concerning his abdominal pains and "his fear for his health and safety." Warden Brookhart did not reply or act to remedy his serious medical needs. (*Id.* at p. 4).

Around February 2, 2020, McCarter began to vomit blood. (Doc. 1, p. 4). He was sent to the healthcare unit, and an ambulance was called to take him to an outside hospital. At the hospital, a blood transfusion was performed. McCarter was diagnosed with having helicobacter pylori and peptic ulcers. (*Id.* at p. 5).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Brookhart, Luking, Cunningham, and Nurse Jane Doe for delaying and denying care for McCarter's abdominal pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.** *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Based on the allegations regarding the response or lack of response to McCarter's requests for medical attention and complaints of abdominal pain and other gastrointestinal symptoms, Count 1 will be allowed to proceed against NP Luking and Nurse Jane Doe.

Count 1 will also proceed against Warden Brookhart and Healthcare Administrator Crain, who were notified that McCarter was not receiving treatment for his abdominal pain and "turned a blind eye" to the unconstitutional conduct. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

## MOTION FOR APPOINTMENT OF COUNSEL

McCarter has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**. [1] He discloses two unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, McCarter indicates that he has limited knowledge of the law and enlisted the help of another inmate to draft the complaint. He states he no longer has help of this inmate because of COVID restrictions on movement. McCarter also expresses concern in conducting discovery because the case involves complex medical issues and will require

---

[1] In evaluating the Motion for Appointment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

production of documents and depositions of witnesses and medical professionals. Nonetheless, the Court finds that McCarter can proceed pro se, at least for now. His limited knowledge of the law and the discovery process is not unique to him as a pro se plaintiff, and he has not provided the Court with any other information about his limited capabilities, such as highest educational level or ability to read and write, for the Court to determine he cannot proceed on his own. Once discovery has commenced, if McCarter has significant difficulty, he may refile his motion.

## DISPOSITION

For the following reasons, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dr. Brookhart, Luking, Cunningham, and Nurse Jane Doe.

Because McCarter's claims involve the alleged denial of medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Motion for Appointment of Counsel (Doc. 3) is **DENIED.**

The Clerk of Court shall prepare for **Dr. Brookhart, Luking, Cunningham,** and **Jane Doe** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by McCarter, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant until such time as McCarter has identified her by name in a properly filed motion for substitution. Guidelines and dates will be set for identifying the Jane Doe once Defendants have filed their Answers to the Complaint. McCarter is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against McCarter, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, McCarter is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   September 28, 2021

                                              *s/Stephen McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.