IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE MCCARTER, #K04505,<br><br>        Plaintiff,<br><br>v.<br><br>DR. BROOKHART,<br>LUKING (N.P.),<br>MRS. CUNNINGHAM,<br>and JANE DOE (Nurse),<br><br>        Defendant. | Case No. 21-cv-0062-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Jamie McCarter's Motion for the Identity of Jane Doe Nurse (Doc. 43) and Motion to Substitute a Defendant Jane Doe (Doc. 47). Only Defendant Luking responded to the Motion for the Identity of Jane Doe Nurse. (Doc. 48). The motions make clear that Plaintiff claims he saw more than one unidentified Jane Doe nurse during the time relevant to his claims.[1]

### MOTION TO SUBSTITUTE DEFENDANT FOR JANE DOE

The Motion to Substitute (Doc. 47) is **GRANTED**. Defendants informed Plaintiff that Hayley Kermicle was the nurse who saw Plaintiff on May 31, 2019. The Clerk of Court is **DIRECTED** to add Hayley Kermicle as a Defendant, and to serve her with notice and a copy of the Complaint as set forth in the September 28, 2021, Order at Doc. 15.

---

[1] Plaintiff's Complaint described only one encounter with a Jane Doe nurse, on or around September 7, 2019, when Plaintiff had his annual physical and complained of abdominal pain. (Doc. 1, pp. 2-3, 11). He also alleged generally that he made other requests for medical care which yielded no response. (Doc. 1, p. 4).

**MOTION FOR IDENTITY OF JANE DOE NURSE**

Plaintiff's motion seeks the names of nurses he saw on May 13,[2] 2019, and December 31, 2019. (Doc. 43, p. 2). Notably, Plaintiff submitted this motion for postal mailing on March 11, 2022, but it did not arrive for docketing until March 17, 2022.[3] (Doc. 43, pp. 2, 4). Meanwhile, as demonstrated in Defendant Luking's response, defense counsel wrote to Plaintiff on March 14, 2022, answering his February 16, 2022 request for names of two nurses – one seen on May 31, 2019 and the other on September 3, 2019. (Doc. 48, p. 2; Doc. 48-1, p. 1; Doc. 48-2). She informed Plaintiff that the May 31 encounter was with Hayley Kermicle, who is the subject of Plaintiff's substitution motion addressed herein. (Doc. 48-2). This portion of Plaintiff's motion is therefore moot.

Counsel's March 14, 2022 letter further informed Plaintiff that she was unable to identify the person who prepared the September 3, 2019 record based on the document Plaintiff provided. (Doc. 48-1, p. 4; Doc. 48-2). However, the response to Plaintiff's motion discloses that A. Fiscus, RN, signed another document related to Plaintiff's September 3, 2019 physical. (Doc. 48, p. 2, n.1). This appears to be responsive to Plaintiff's February 16, 2022, letter requesting the name of the nurse he saw on the September date. (Doc. 48-1). Additionally, Plaintiff states in his motion to substitute Haley Kermicle that he was still seeking the name of the Jane Doe Nurse he saw on September 3, 2019. (Doc. 47, p. 2). Because Plaintiff was not previously informed of the identity of A. Fiscus, the Court will allow him to file another motion to substitute party within **14 days** of the date of this order, should he wish to include A. Fiscus as a Defendant.

---

[2] The Court presumes that Plaintiff's reference to a "May 13" visit in this motion (Doc. 43) is a mistaken reference to May 31, because his motion to substitute, his February 16, 2022 letter to defense counsel, and the attached medical record all reference May 31, 2019. (Doc. 47, p. 1; Doc. 48-1, pp. 1-2; Doc. 48-2).

[3] Plaintiff is encouraged to avail himself of the electronic document filing option offered through the law library at Pinckneyville, to avoid postal mailing delays.

Finally, Luking objects to Plaintiff's request for identification of a nurse he saw on December 31, 2019 because Plaintiff did not provide a copy of the record of that visit or other detail sufficient to identify this unknown nurse, and because he had not previously requested this name during discovery. (Doc. 48, p. 2). Plaintiff appended a note to his motion to identify, stating he was unable to obtain copies because the prison was still on lockdown. (Doc. 43, p. 3). Luking found just one medical record from December 31, 2019 for reading a urine dip test, which she believes does not relate to the subject of this lawsuit, but she does not divulge the name of the nurse on that record. (Doc. 48, p. 2).

Defendant Luking represents that Plaintiff did not request identification of the nurse he saw on December 31, 2019, before filing his motion. Plaintiff's motion does not set forth any attempts he made to find out who he saw on that date. Nonetheless, the Court is cognizant that he is proceeding *pro se* and that he has had difficulty obtaining copies of records relating to his requests.

Therefore, Plaintiff's Motion for the Identity of Jane Doe Nurse (Doc. 43) is **GRANTED IN PART** as follows:

Defendant Luking is **ORDERED** to provide Plaintiff with the name of the person(s) who saw Plaintiff and/or read his test on December 31, 2019, within **14 days** of the date of this order.

If Plaintiff has any other documentation relating to a nurse encounter on December 31, 2019, he is **ORDERED** to provide it (via copies or Bates numbers), along with any identifying information on that person, to Defendants within **14 days** of the date of this Order. Defendants will then have **14 days** from the receipt of Plaintiff's information to identify the individual nurse by name and notify Plaintiff. Plaintiff must then file any additional motion to substitute party within **14 days** of receiving the name of the individual(s).

As noted above, Plaintiff must file any motion to substitute A. Fiscus for a Jane Doe within

**14 days** of the date of this order.

Plaintiff's Motion for the Identity of Jane Doe Nurse (Doc. 43) is **DENIED IN PART** in all other respects.

At this time, Plaintiff's deadline to file a motion for leave to amend his complaint is April 29, 2022. If an additional party is identified and substitution is sought via the procedure set forth above, the Court will consider a motion for a brief extension of the April 29, 2022 deadline.

**IT IS SO ORDERED.**

**DATED: April 7, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**