IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMIE MCCARTER, #K04505,

       Plaintiff,

v.

DR. BROOKHART,
LUKING (N.P.),
MRS. CUNNINGHAM,
HAYLEY KERMICLE,
and ALLYSON FISCUS (R.N.),

       Defendant.

Case No. 21-cv-0062-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

       This matter is before the Court for case management. Defendant Hayley Kermicle has yet to be served with the First Amended Complaint (Doc. 65). Because Plaintiff McCarter is proceeding in forma pauperis, pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order a United States marshal to conduct service on his behalf. The marshal is then required to make reasonable efforts to personally serve the summons and the complaint on the defendant.

       Two attempts to serve Defendant Kermicle by mailing requests to waive service of summons were unsuccessful; the second mailing was to an updated address provided by Ms. Kermicle's employer, Wexford Health Sources, Inc., in April 2022. (Docs. 50, 59, 60). On June 10, 2022, the Clerk of Court issued a formal service of the summons and the Complaint (Doc. 67). The summons was returned unexecuted with notes from the marshal recording that service was attempted on July 7, 2022 at 11:00 a.m., July 12, 2022 at 12:30 p.m., and July 21, 2022 at 11:50 a.m.; each time there was no answer at the door. A vehicle was in the driveway on the first date, but no vehicles were present on the last two visits.

The Court finds that the marshal's attempts do not meet the "reasonable efforts" requirement as prescribed by the Seventh Circuit. *See Williams v. Werlinger*, 795 F. 3d 759 (7th 2015); *Geder v. Godinez*, 221 F. 3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. 2000); *Graham v. Satkoski*, 51 F. 3d 710 (7th Cir. 1995); *Sellers v. United States*, 902 F. 2d 589 (7th Cir. 1990). The notes indicate that the marshal attempted service by visiting a residential address three times, on weekdays between 11:00 a.m. and 12:30 p.m. during normal working hours. It is not clear from the records whether the marshal attempted to contact someone employed at Wexford Health Sources, Inc., to obtain a current work address, or spoke with neighbors to verify the home address. There is also no notation of using any electronic databases routinely used in locating individuals for service, including a basic public internet search.

Thus, the Clerk of Court shall **REISSUE** the summons for Defendant Kermicle, and the United States Marshals Service shall make reasonable efforts to locate and serve the summons and McCarter's First Amended Complaint (Doc. 65) on this defendant. If unsuccessful, the Marshals Service shall file the Process Receipt and Return, Form USM-285, describing in the "Remarks" section of that document the steps that it took to attempt to effect service of process. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service.

IT IS SO ORDERED.

DATED: August 30, 2022

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**