IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE MCCARTER, #K04505,<br><br>        Plaintiff,<br><br>v.<br><br>DR. BROOKHART,<br>LUKING (N.P.),<br>MRS. CUNNINGHAM,<br>HAYLEY KERMICLE,<br>and ALLYSON FISCUS (R.N.),<br><br>        Defendant. | Case No. 21-cv-0062-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Now before the Court is Defendant Hayley Kermicle's Motion to Dismiss (Doc. 95) and Motion to Dismiss for Failure to Prosecute (Doc. 98). The first motion invokes Federal Rule of Civil Procedure 12(b)(6) and argues Plaintiff Jamie McCarter's claim against Kermicle is untimely, does not relate back to the original Complaint, and fails to state a claim upon which relief may be granted. Plaintiff was notified of the opportunity to respond to the motion and the consequences of failing to do so, but he did not respond. (Doc. 97). Kermicle then filed her second motion, arguing that dismissal should be granted because Plaintiff did not oppose her request. (Doc. 98).

### BACKGROUND

Plaintiff brought this action on January 15, 2021, claiming that he started having abdominal pains around September 2019. (Docs. 1, 15). A Jane Doe Nurse ignored the issue during a September 7, 2019 checkup, and several other providers delayed diagnostic tests and treatment. In February 2020 Plaintiff began vomiting blood, whereupon he was sent to an outside hospital and

1

diagnosed with helicobacter pylori and ulcers. The Court allowed Plaintiff to proceed with a single claim for deliberate indifference by denying and delaying care for his abdominal pain, against Defendants Brookhart, Luking, Cunningham, and Nurse Jane Doe. (Doc. 15).

Discovery ensued to identify the Jane Doe Nurse. In April 2022 Plaintiff was allowed to substitute Hayley Kermicle as the nurse who saw him on May 31, 2019 and Allyson Fiscus as the nurse he saw in September 2019. (Docs. 49, 55). Plaintiff was then allowed to amend his pleading, and the case proceeded on his First Amended Complaint. (Doc. 65). In that document, Plaintiff alleges that around May 31, 2019, he began seeing blood in his stool and urine, which he reported to Kermicle. She did a urine test but did not refer Plaintiff to a doctor or take any further action. (Doc. 65, pp. 3-4).

## LEGAL STANDARDS

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); FED. R. CIV. P. 12(b)(6). The motion to dismiss will be granted if the moving party shows there are no disputed issues of material fact and "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Federal courts

also borrow the forum state's principles of tolling (suspension) of a statute of limitations. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). Illinois statute requires tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." 735 ILCS 5/13-216.

Federal statute prohibits the filing of a claim in court before a prisoner's relevant complaint is fully reviewed through the prison grievance procedure. 42 U.S.C. § 1997e(a). Thus, federal courts must toll the statute of limitations period while an inmate is exhausting their administrative grievances. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007).

When a plaintiff seeks to add a new claim or a new defendant to a lawsuit via an amended complaint after the statute of limitations has expired, the court must decide whether the amended pleading "relates back" to the date of the original pleading in the case. FED. R. CIV. P. 15(c). If the relation-back criteria are not met, the claim or defendant should be dismissed. In the case of a newly-asserted claim, it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

## DISCUSSION

Kermicle argues that Plaintiff's First Amended Complaint was filed more than two years after his single May 31, 2019 encounter with her. (Doc. 95, p. 6). She is correct, as the amended pleading was tendered almost three years later, on May 12, 2022. Plaintiff has presented no facts to indicate that his claim was tolled so as to render his filing timely.

The Court agrees with Kermicle's argument that the claim against her in the First Amended Complaint does not relate back to Plaintiff's original Complaint. (Doc. 95, pp. 6-7). The original

Complaint raised claims of deliberate indifference to Plaintiff's symptoms of abdominal pain, which began in September 2019, and did not include anything about the earlier distinct symptoms of bloody urine and stool. (Doc. 1). Plaintiff presented the claim related to blood in his urine for the first time in the First Amended Complaint. Notably, Plaintiff did not allege that this May 2019 symptom was accompanied by the abdominal pain that prompted this lawsuit. Kermicle points out that blood in urine is not a symptom of infection with H. Pylori. (Doc. 95, p. 5). Plaintiff has not contested Kermicle's motion. Accordingly, the Court concludes that Plaintiff's newly-asserted claim against Kermicle did not arise out of the conduct, transaction, or occurrence connected to his claim of deliberate indifference to abdominal pain. *See* FED. R. CIV. P. 15(c)(1)(B). It thus does not "relate back" to Plaintiff's original pleading and will be dismissed.

## DISPOSITION

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 95) filed by Defendant Hayley Kermicle is **GRANTED**. The Motion to Dismiss for Failure to Prosecute (Doc. 98) is **TERMINATED AS MOOT**. Defendant Hayley Kermicle and all claims against her are **DISMISSED** from this action with prejudice. The Clerk of Court is **DIRECTED** to terminate Defendant Kermicle as a party to this action and enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

DATED: February 15, 2023

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**